COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-494-CR
WALTER GENE PARSON           
           
           
           
        APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
    STATE
------------
FROM THE 396
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Walter Gene Parson appeals from
his conviction for aggravated assault with a deadly weapon, a second degree
felony. (2) We affirm the trial court's judgment.
Appellant entered an open plea of guilty
to the court, and the court assessed punishment at twenty years' confinement in
the Institutional Division of the Texas Department of Criminal Justice.
Appellant's court-appointed appellate
counsel has filed a motion to withdraw as counsel and a brief in support of that
motion. In the brief, counsel states that in his professional opinion, this
appeal is frivolous. Counsel's brief and motion meet the requirements of Anders
v. California by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.
(3) This court provided Appellant the opportunity to file a pro se
brief, but he has declined to do so. After an appellant's court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record and to essentially re-brief
the case for the appellant to see if any arguable ground could be raised on the
appellant's behalf. (4)
Because Appellant pled guilty to the
offense, he has waived the right to appeal any non-jurisdictional defects, other
than the voluntariness of his plea, that occurred before entry of the plea as
long as the trial court's judgment of guilt was rendered independent of and not
supported by the alleged error. (5) Our
independent review of the record is therefore limited to potential
jurisdictional defects, the voluntariness of Appellant's plea, potential errors
occurring before the plea that resulted in or support the judgment of guilt, and
potential error occurring after the guilty plea.
Our review of the record reveals no
jurisdictional defects. The trial court had jurisdiction over the case.
(6) Further, the indictment sufficiently conferred jurisdiction on the
trial court and provided Appellant with sufficient notice.
(7) Our review of the record also reveals nothing that would support a
claim that the guilty plea was unknowing and involuntary. The trial court
admonished Appellant in writing before he pled guilty. (8)
The trial court did not admonish Appellant on sex offender registration
requirements, but such requirements do not apply to aggravated assault.
(9) The trial court's failure to admonish Appellant about the sex
offender registration requirements thus did not affect the voluntariness of
Appellant's plea. The record also reveals that no error occurred before
Appellant pled guilty. As a result, there is no appealable error under Young.
(10)
After Appellant pled guilty, the trial
court mistakenly instructed him that he could only appeal with permission of the
trial court. The court cured this error, however, after imposing the sentence,
stating to Appellant that he did "have the right to appeal this
conviction."
At the punishment hearing, the trial court
considered the presentence investigation report and the testimony of Appellant's
witnesses before sentencing Appellant to twenty years' confinement. The
punishment assessed was within the range of punishment for aggravated assault.
(11)
After independently reviewing the record,
we agree with appellate counsel's determination that any appeal from this case
would be frivolous. Accordingly, we grant appellate counsel's motion to withdraw
and affirm the trial court's judgment.
PER CURIAM
 
PANEL F: DAUPHINOT, J.; CAYCE, C.J.; and
WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

1. See Tex. R. App. P. 47.4.
2. See Tex. Penal Code Ann. § 22.02(a)(2), (b)
(Vernon 1994).
3. 386 U.S. 738, 87 S. Ct. 1396 (1967).
4. Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991).
5. See Young v. State, 8 S.W.3d 656, 666-67 (Tex.
Crim. App. 2000).
6. See Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon Supp. 2003).
7. See Tex. Const. art. V, § 12; Duron v.
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
8. See Tex. Code Crim. Proc. Ann. art. 26.13(a),
(d) (Vernon 1989 & Supp. 2003).
9. See id. art. 62.01(5) (Vernon Supp. 2003).
10. Young, 8 S.W.3d at 656.
11. See Tex. Penal Code Ann. § 12.33 (providing
range of punishment for second degree felonies).